# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| GAYLE WADSWORTH, o/b/o | ) | |
| KENT E. WADSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-0351-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Gayle A. Wadsworth, on behalf of her deceased husband, Kent E. Wadsworth (hereinafter "claimant"), seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. The parties' briefs are fully submitted, and an oral argument was held on February 10, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

## Standard of Review

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Claimant Kent E. Wadsworth was born in 1963 and alleged he became disabled beginning January 1, 2000. In his disability report, he alleged disability due to nerve damage, neck pain, lower back pain, and hip pain. Claimant was last employed as a delivery driver. Prior to this position, he worked as a newspaper carrier for approximately four years, and as a shipping supervisor for ten years.

Plaintiff alleges the Administrative Law Judge (ALJ) erred in discounting the medical opinion of Dr. Kaplan, claimant's treating physician, and determining claimant was not disabled. Plaintiff alleges that the ALJ's discounting of the treating physician's report resulted in an improper residual functional capacity (RFC) determination and a finding that claimant was not disabled.

A treating physician's opinion is generally entitled to substantial weight, but it does not automatically control. Brown v. Astrue, 611 F.3d 941, 951 (8th Cir.2010). An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007).

The ALJ here found that Dr. Kaplan's opinions on the RFC form were inconsistent with his own treatment notes as well as the medical record as a whole. Upon review, this court finds that the ALJ did not err in discounting Dr. Kaplan's RFC as inconsistent with his own treatment

2

notes and the medical records as a whole. The ALJ's discounting the opinion of Dr. Kaplan is supported by valid reasons and substantial evidence in the record as a whole.

The RFC is the most a claimant can still do despite his or her physical or mental limitations. 20 C.F.R. § 416.945(a). When determining the claimant's RFC opinion, the ALJ must consider all relevant evidence, but ultimately, the determination of the claimant's RFC is a medical question. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, the determination of the claimant's ability to function in the workplace must be based on some medical evidence. Id. See also Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000). If there is no such evidence, the ALJ's decision cannot be said to be supported by substantial evidence. Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). Here, without Dr. Kaplan's opinion, the ALJ had no medical evidence to support a determination as to claimant's RFC. The only other RFC assessment in the record was done by a Social Security employee, identified as a SDM (single decision maker) who has no medical training. The ALJ cannot draw his own inferences from medical reports as to how the claimant is limited. Nevland, 204 F.3d at 858. The lack of medical evidence to support the RFC determination leaves the record in this case insufficiently developed. There is no medical evidence as to whether claimant could or could not have done light work. Therefore, this court finds that there is no substantial evidence in the record to support the ALJ's RFC determination.

The ALJ has a duty to fully develop the record on crucial issues such as this. Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005). Therefore, this case would best be further reviewed on remand with a directive for the ALJ to further develop the record to include obtaining a consultive medical examination in order to properly make an RFC determination. See 20 C.F.R. § 416.919a. See also Chatman v. Astrue, 2007 WL 5110319 (E.D. Mo. 2007) (because no medical evidence to support the RFC attributed to claimant, the ALJ has duty to order consultive examination and to fully develop the record). Unfortunately, claimant is no longer available for examination; he died on January 29, 2008, as the result of an accidental overdose of prescription medication.

Based on the foregoing, this court finds that the ALJ's decision was not supported by substantial evidence in the record as a whole. It is, therefore,

3

ORDERED that the decision of the ALJ is reversed and remanded with directions to compute and award benefits to plaintiff.

Dated this 15th day of March, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge